Argued and submitted July 13, 1988, affirmed January 25, reconsideration denied March 10, petition for review denied April 18, 1989 (307 Or 658)

HUESTIES,
*Petitioner,*

*v.*

BOARD ON POLICE STANDARDS AND TRAINING,
*Respondent.*

(7928; CA A46482)

767 P2d 465

William R. Goode, Portland, argued the cause for petitioner. With him on the brief was Justice and Goode, Portland.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of a Board on Police Standards and Training (BPST) order revoking his basic and intermediate police certificates. BPST conducted the contested case proceeding which culminated in the order after petitioner was discharged as a police officer by the Umatilla Tribal Police Department (UTPD). *Former* ORS 181.662(1)(b), on which BPST based its order, authorized it to "revoke the certification of any police officer" on finding that the "officer has been discharged for cause from employment as a police officer."[1]

Petitioner was employed by UTPD from April, 1984, until his discharge in October, 1986. BPST found that petitioner committed two of the acts on which UTPD based the discharge: knowingly misrepresenting his educational status on his applications for employment with UTPD and for intermediate certification with BPST, and removing and copying a confidential tape recording from the UTPD police chief's desk without the latter's permission. BPST concluded that those acts constituted "gross misconduct" under OAR 259-10-055(21)(b), which defined "discharged for cause" for purposes of *former* ORS 181.662(1)(b).[2]

The issue that underlies most of petitioner's specific assignments of error and both parties' specific arguments is whether and to what extent BPST was required to assess the

---

[1] After the relevant events here, ORS 181.662 was amended by Or Laws 1987, ch 901, § 8. The former version is applicable. *Compare present* ORS 181.662(2)(a).

[2] OAR 259-10-055(21) provides, in relevant part:

"(a)    Grounds for Revocation: The Board may deny or revoke the certification of any officer after written notice, and a hearing, if requested, based upon a finding that the officer falsified any information required to obtain certification; or has been discharged for cause from employment as a police, corrections, or parole and probation officer; or has been convicted of a crime designated in any statute of this state as a felony or a crime for which a maximum term of imprisonment of more than one year may be imposed;

"(b)    For purposes of this rule, 'discharged for cause', means an employer initiated termination of employment for any of the following reasons:
"* * * * *

"[6](c) 'Incompetence or Gross Misconduct': In determining what constitutes 'incompetence or gross misconduct', the Board may take into account such sources as practices generally followed in the profession, current teaching at law enforcement training facilities, and technical reports and literature relevant to the field of law enforcement."

validity of UTPD's discharge decision before revoking petitioner's certification pursuant to *former* ORS 181.662(1)(b). Petitioner asserts that the discharge was invalid, *inter alia,* because it was retaliatory and because it did not comply with procedural requirements under federal regulations relating to contractors with the Bureau of Indian Affairs. He concludes that BPST could not find that he was "discharged" within the meaning of *former* ORS 181.662(1)(b).[3] BPST responds that it was not required to consider the validity of other aspects of UTPD's action if, after an "independent review of the factual basis for the discharge," BPST "determined that UTPD in fact had sufficient grounds to terminate [petitioner] for cause."

We agree with BPST. Its role under ORS 181.610 *et seq* is to establish standards for police officers and to conduct a process for certifying them. Revocation of an officer's certificate under ORS 181.661 to ORS 181.664 is part of that process. Although we might agree with petitioner that BPST could not have revoked his certificates without making independent findings that he had engaged in misconduct and without concluding that the misconduct constituted "cause" under applicable statutory and regulatory standards, BPST did make such findings and conclusions here. We do not agree with petitioner that BPST had authority to review the discharge to determine any question except the presence or absence of cause.

It is correct that *former* ORS 181.662(1)(b) required that there *be* a discharge as well as *cause* for one in order for an officer's certification to be revoked on the basis of that subsection. Consequently, a termination by the employing police agency was a "jurisdictional" condition precedent to BPST's revocation authority. However, nothing in the statutory scheme is consistent with petitioner's view that the legislature intended that BPST have authority to review the employer's discharge decision, as distinct from determining whether the decision was or could have been for sufficient cause. The existence of cause is directly relevant to BPST's determination of whether to revoke an officer's certification; other kinds of questions about the validity of a discharge are germane only to

---

[3] Petitioner has appealed the discharge to the Umatilla Tribal Court and has brought a related federal district court action.

employment rights—a subject with which BPST has no concern or authority.

BPST's function is to devise police standards and qualifications and, in effect, to tell police agencies whom they *may* employ as police officers; it is not to tell them whom they *must* employ or to review employment decisions beyond the point where standards and qualifications are implicated. To impute the broader scope to ORS 181.610 *et seq* would set those statutes on a collision course with other statutory and regulatory schemes. *See* ORS 243.650 *et seq; see also* n 3, *supra.*

We reject five of petitioner's seven assignments on the basis of what we have said. We also reject the other two. They do not warrant discussion.

Affirmed.